exactly the one here presented. It was decided against the contention made by appellant and appears to us to be sound. We express no opinion here upon the second question decided in Spiller's Case. It is discussed and overruled in No. 12259, W. T. Hill (Tex Cr. App.) 15 S.W.(2d) 14, opinion this date. See, also, Ex parte Dockery, 38 Tex. Cr. R. 293, 42 S. W. 599; Ex parte Stephens, 59 Tex. Cr. R. 177, 127 S. W. 819.

At the time appellant sought release he had been in jail 96 days. His jail sentence of 30 days, plus the costs of $185.55 rated at $1 per day would require 215 days to discharge the penalty and costs against him. The trial judge, therefore, properly declined to release appellant.

The judgment is affirmed.

**SMITH v. STATE.  (No. 12528.)**

Court of Criminal Appeals of Texas.  March 13, 1929.

J. Calvin Smith was convicted of selling intoxicating liquors, and he appeals. Affirmed.

G. R. Smith, of McKinney, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary.

No statement of facts or bill of exceptions are found in the record. Nothing is presented for review.

The judgment is affirmed.

**STONE v. STATE.  (No. 12055.)**

Court of Criminal Appeals of Texas.  Dec 12, 1928.

Rehearing Denied March 27, 1929.

J. H. Beavers, of Winnsboro, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Indicted for murder, the appellant was convicted of aggravated assault, and a penalty assessed of one year and one day in jail.

An indictment was returned by the grand jury of Wood county, charging that appellant, "in the county of Wood and state of Texas, did then and there unlawfully, with malice aforethought, kill and murder Bura Browning by then and there striking and hitting the said Bura Browning with a baseball bat."

The evidence introduced shows that deceased was struck with a baseball bat in Camp county, and died later in Wood county from the injuries thus received. His case came to Camp county by change of venue. Appellant claims that, since the indictment alleges an offense committed in Wood county, while the proof shows the fatal blow was